# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DIAZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01670-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 3)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Lewis Anderson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 7, 2018. (ECF No. 1.) Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 3.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

1

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that he was subjected to excessive force by correctional officers and medical staff upon his arrival at Wasco State Prison on January 30, 2015, due to his refusal to undergo a mandatory tuberculosis skin test. (ECF No. 1.) At the time of the filing of the complaint, Plaintiff was housed at California State Prison, Los Angeles. Although Plaintiff alleges in a conclusory fashion that he has been and will continue to be irreparably injured by the conduct of the Defendants, he includes no allegations that he is in imminent danger of serious physical injury at his current institution. Therefore, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 3) be DENIED, pursuant to 28 U.S.C. § 1915(g); and

///

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Anderson v. City of Riverside, Case No. 5:11-cv-01009-UA-MLG (C.D. Cal.) (dismissed on July 15, 2011 as frivolous, malicious, and for failure to state a claim); (2) Anderson v. City of Riverside, Case No. 5:11-cv-01148-UA-MLG (C.D. Cal.) (dismissed on August 1, 2011 as frivolous, malicious, and for failure to state a claim); (3) Anderson v. U.S. Dist. Ct., Case No. 3:11-cv-01680-BTM-JMA (S.D. Cal.) (dismissed on November 7, 2011 as frivolous).
The Court also takes judicial notice of the following United States Court of Appeals cases: (1) Anderson v. U.S. Dist. Ct., Case No. 12-55308 (9th Cir.) (dismissed on May 7, 2012 for failure to pay the filing fee, following a denial of *in forma pauperis* status for filing a frivolous appeal); and (2) Anderson v. City of Riverside, Case No. 12-55439 (9th Cir.) (dismissed on July 12, 2012 for failure to pay the filing fee, following a denial of *in forma pauperis* status for filing a frivolous appeal). See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 27, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE