# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS ANDERSON,<br><br>  Plaintiff,<br><br>v.<br><br>DIAZ, et al.,<br><br>  Defendants. | Case No. 1:18-cv-01670-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br>(ECF Nos. 3, 8)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE<br>(ECF No. 13)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Lewis Anderson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 7, 2018. (ECF No. 1.)

On December 27, 2018, the assigned Magistrate Judge issued Findings and Recommendations that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the $400.00 filing fee in full to proceed with this action. (ECF No. 8.) Those Findings and Recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 3.) Plaintiff filed objections to the Findings and Recommendations on January 11, 2019, (ECF No. 12), together with a motion for summary judgment. (ECF No. 13.)

///

1

In his objections, Plaintiff first contends that the Magistrate Judge erred by failing to take all the facts of the complaint as true, and that the Magistrate Judge was legally required to deny the Defendants' motion to dismiss the complaint.[1] This objection is not relevant. This case has not yet reached the screening stage, and therefore the merits of the claims alleged are not at issue. To the extent Plaintiff's allegations were considered, the Magistrate Judge has taken the facts alleged in the complaint as true. (See ECF No. 8, p. 2.)

Plaintiff next argues that his case should not be dismissed simply because he is unable to pay the filing fee. Plaintiff is mistaken. The Magistrate Judge has recommended that the motion to proceed in forma pauperis be denied on the grounds that Plaintiff is subject to the "three strikes" bar under 28 U.S.C. § 1915(g) and he has failed to allege an imminent danger of serious physical injury at the time of filing. Plaintiff's lack of funds is not relevant to this finding.

Third, Plaintiff contends that the three district court actions relied upon in the Findings and Recommendations are actually habeas corpus petitions, and the filing fee provisions only apply to civil actions. The Court has reviewed all three actions, and despite Plaintiff's allegations to the contrary, has confirmed that all three were appropriately filed as civil rights actions, not habeas corpus petitions.[2] Plaintiff does not contest the existence of the two Court of Appeals cases relied upon in the findings and recommendations, and therefore the Court agrees that the Magistrate Judge correctly identified five "strikes" in total.

Plaintiff's final objection that the Court is obligated to find that the standards for filing an application to proceed in forma pauperis have been met, if service on the defendants has been completed, is rejected. No defendants have been served in this action.

With respect to Plaintiff's motion for summary judgment, it presents no basis to reject the Findings and Recommendations, and is denied as premature. The Court is required to screen

---

[1] The Court notes that no defendants have been served in this action, and no motion to dismiss has been filed.

[2] See (1) Anderson v. City of Riverside, Case No. 5:11-cv-01009-UA-MLG (C.D. Cal.) (complaint filed July 15, 2011, pursuant to 28 U.S.C. 1343(a)(3) and 42 U.S.C. § 1983); (2) Anderson v. City of Riverside, Case No. 5:11-cv-01148-UA-MLG (C.D. Cal.) (complaint attached to order issued August 1, 2011, filed pursuant to 28 U.S.C. 1343(a)(3) and 42 U.S.C. § 1983); and (3) Anderson v. U.S. Dist. Ct., Case No. 3:11-cv-01680-BTM-JMA (S.D. Cal.) (complaint filed July 15, 2011, seeking damages based on the allegedly negligent transfer of two prior district court cases for improper venue).

complaints in civil actions in which prisoners seek relief from governmental entities, officers or employees. 28 U.S.C. § 1915A(a). No such screening has occurred yet. Should plaintiff's complaint proceed beyond the screening stage, the court will direct it to be served, and will issue an order setting a schedule for discovery and dispositive motions. Since no complaint has been ordered served and no defendants have appeared, dispositive motions like this one are premature.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections and motion for summary judgment, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, (ECF No. 8), issued on December 27, 2018, are adopted in full;
2. Plaintiff's motion for summary judgment, (ECF No. 13), is denied as premature;
3. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is denied; and
4. Within **twenty-one (21) days** following the date of service of this order, Plaintiff shall pay the $400.00 filing fee in full to proceed with this action. If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated:  February 26, 2019

SENIOR DISTRICT JUDGE

3